## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| ROBERTO PEDRAZA CRUZ, | ) | |
| ORLANDO PEDRAZA GONZALEZ, | ) | |
| GABRIEL ROLDAN ALTAMIRANO, | ) | |
| and EDGAR ROLDAN ALTAMIRANO, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| EMA OUTSOURCE | ) | |
| MANUFACTURING, INC. and JOHN | ) | |
| WILSON, | | |
| | | |
| Defendants. | | |

## COMPLAINT

Plaintiffs Roberto Pedraza Cruz, Orlando Pedraza Gonzalez, Gabriel Roldan Altamirano and Edgar Roldan Altamirano ("Plaintiffs") hereby file this Complaint against Defendants EMA Outsource Manufacturing, Inc. and John Wilson ("Defendants") and for this cause of action state the following:

### *Nature of the Claim*

1.      Plaintiffs bring this action to redress Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), which have deprived Plaintiffs of their lawful wages, and Georgia common law.

2.     This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, as well as all relief available under Georgia common law, on the grounds set forth below.

### Jurisdiction and Venue

3.     This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.     Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### The Parties

5.     Plaintiffs are residents of Georgia.

6.     Plaintiff Pedraza Cruz was employed by Defendants from approximately 2010 to April 2014 as an Assembler of Cabinets at Defendants' facility in Cumming, Georgia.

7.    Plaintiff Pedraza Gonzalez was employed by Defendants from approximately April 2012 to September 2013 as a Builder at Defendants' facility in Cumming, Georgia.

8.    Plaintiff Gabriel Roldan Altamirano was employed by Defendants from approximately April 2012 to February 2014 as a Builder at Defendants' facility in Cumming, Georgia.

9.    Plaintiff Edgar Roldan Altamirano was employed by Defendants from approximately April 2012 to February 2014 as a Builder at Defendants' facility in Cumming, Georgia.

10.   Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

11.   Defendant EMA is organized under the laws of the state of Georgia and is authorized to do business in Georgia.

12.   Defendant EMA can be served via its registered agent, John Wilson, located at 209 C. Industrial Park Drive, Cumming, GA  30040.

13.   At all times relevant to this action, Defendant EMA was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it had employees engaged in commerce and because its annual gross sales volume exceeded $500,000.

3

14.     Upon information and belief, Defendant Wilson is a resident of the state of Georgia.  Defendant Wilson is Defendant EMA's registered agent and the Georgia Secretary of State's website identifies Defendant Wilson's address as 209 C. Industrial Park Drive, Cumming, GA  30040.

15.     At all times relevant to this action, Defendant Wilson was Defendant EMA's owner and Chief Executive Officer, acted in the interest of an employer toward Plaintiffs, hired Plaintiffs, terminated certain of Plaintiffs' employment, determined Plaintiffs' schedule, exercised responsibility and control over Plaintiffs' compensation, including rate of pay, and terms of employment, and was a corporate officer with operational control of the covered enterprise.  Therefore, Defendant Wilson may be held liable in his individual capacity as an "employer" for Defendants' FLSA violations.

16.     At all times relevant to this action, Defendants operated EMA Outsource Manufacturing within this judicial district.

17.     At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d).

### *Factual Allegations*

<u>Defendants Misclassify Plaintiffs as Independent Contractors</u>

18.     During Plaintiffs' employment with Defendants, Defendants
controlled nearly every aspect of Plaintiffs' work.  They, among other things, set
Plaintiffs' work schedule, required that they work specific hours, monitored their
arrival and departure times, required Plaintiffs to abide by their policies, and
regulated and directed the work to be performed by Plaintiffs.

19.     During Plaintiffs' employment with Defendants, Plaintiffs did not
have an opportunity for profit or loss depending on their skills.  Instead,
Defendants compensated Plaintiffs by the hour for the hours in which they
performed compensable work.

20.     During Plaintiffs' employment with Defendants, Plaintiffs did not
invest in equipment or materials for their work.  Instead, Defendants supplied
nearly all of equipment and materials that enabled Plaintiffs to perform their job
responsibilities.

21.     During Plaintiffs' employment with Defendants, the services Plaintiffs
provided for Defendant did not require a special skill.  Defendants did not require
Assemblers of Cabinets or Builders to have any specialized training or
background.

22.     During Plaintiffs' employment with Defendants, the services rendered by Plaintiffs were an integral part of Defendants' business.  Indeed, Defendants produce residential cabinetry and Plaintiffs performed the jobs of cabinet assemblers and/or builders.

<u>Defendants Require Plaintiffs to Work in Excess of</u>
<u>40 Hours Per Week, But Fail to Pay Them an Overtime Premium</u>

23.     At all times relevant to this action, Defendants classified Plaintiffs as independent contractors.

24.     At all times relevant to this action, Defendants paid Plaintiffs at a regular hourly rate for all hours during which they performed compensable work, including hours over forty in a workweek.

25.     At all times relevant to this action, during each pay period Defendants deducted from Plaintiffs' compensation money to be used to pay workers' compensation insurance premiums.

26.     At all times relevant to this action, Plaintiffs were non-exempt employees within the meaning of the FLSA were subject to the overtime provisions of the FLSA.

27.     At all times relevant to this action, Defendants regularly required or permitted Plaintiffs to work in excess of 40 hours per week.  Indeed, Plaintiffs

routinely worked more than 100 hours every two weeks for Defendants during the relevant time period.

28.     At all times relevant to this action, Plaintiffs regularly worked hours in excess of 40 hours per workweek for which Defendants failed to compensate them for those hours at a rate of pay equal to one and one half times their regular rate.  Plaintiffs' supervisors were aware of the hours Plaintiffs worked for which they were not properly compensated.

29.     Plaintiffs were deprived of compensation to which they are entitled through Defendants' custom, policy, and/or practice of misclassifying its Assemblers of Cabinets and Builders as independent contractors, exempt from the overtime provisions of the FLSA.

30.     As a result of this custom, policy, and/or practice, Defendants failed to credit and pay Plaintiffs properly for all overtime hours they worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

31.     Defendants have willfully and intentionally failed and/or refused to compensate Plaintiffs in accordance with the FLSA.

32.     Plaintiffs have retained The Weiner Law Firm LLC and Thomas Choi Law Firm LLC to represent them in this action and accordingly have incurred and

7

will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

33.     Plaintiffs consent to participate in this action.  Plaintiffs' consents are attached hereto as Exhibits 1 through 4 and are a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207)

34.     Plaintiffs re-allege paragraphs 1 through 33 above and incorporate them here by reference.

35.     By engaging in the conduct described above, Defendants failed to pay Plaintiffs at a rate of pay not less than one and one half times their regular rates for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

36.     Specifically, Defendants failed to properly compensate Plaintiffs for all overtime hours worked through their custom, policy, and/or practice of misclassifying their Assemblers of Cabinets and Builders as independent contractors, exempt from the overtime provisions of the FLSA.

37.    Defendants' actions in failing to compensate Plaintiffs in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiffs.

38.    As a result of Defendants' violation of the FLSA, Plaintiffs are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

### (Unjust Enrichment)

39.    Plaintiffs re-allege paragraphs 1 through 38 above and incorporate them here by reference.

40.    Defendants have been enriched by making deficient payments for work performed by Plaintiffs.

41.    Defendants have been enriched at the expense of Plaintiffs because Plaintiffs regularly worked hours for which they were not properly compensated.

42.    Defendants intentionally refused to pay Plaintiffs at the proper rate for all hours worked and for time worked in excess of forty hours per week.

Defendants knew or should have known the proper rates of pay for Plaintiffs.  Such wrongful conduct demonstrates bad faith on the part of Defendants.

43.     It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs.

## COUNT 3

### (Quantum Meruit)

44.     Plaintiffs re-allege paragraphs 1 through 43 above and incorporate them here by reference.

45.     At Defendants' request, Plaintiffs provided services in the form of work for Defendants. These services had reasonable value and were performed at an hourly rate.

46.     Plaintiffs reasonably expected compensation at the time the services were rendered.

47.     Defendants accepted Plaintiffs' services.

48.     Defendants failed to compensate Plaintiffs for the reasonable value of these services performed on Defendants' behalf.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court award them:

    i.     compensatory damages;

ii.     damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

iii.    an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iv.     prejudgment interest;

v.      costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

vi.     reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vii.    such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiffs hereby demand a jury trial on all claims for which they have a right to a jury.**

DATED: October 9, 2014                    Respectfully submitted,


                                          By:  /s/   Andrew Weiner
                                          Andrew Weiner
                                          GA Bar No. 808278
                                          aw@atlantaemployeelawyer.com
                                          Jeffrey Sand
                                          GA Bar No. 181568

11

js@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Rd., 7 Piedmont Ctr.
3rd Fl.
Atlanta, GA  30305
(404) 254-0842

Thomas Y. Choi, Esq.
GA Bar No. 124976
tychoi@thomaschoilaw.com
THOMAS CHOI LAW FIRM
5164 Buford Highway
Doraville, GA 30340
(770) 457-9630

Counsel to Plaintiffs