# EXHIBIT 1

# AGREEMENT AND RELEASE

1. **Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and Release (hereinafter "Agreement") by and between Roberto Pedraza Cruz, Orlando Pedraza Gonzalez, Gabriel Roldan Altamirano and Edgar Roldan Altamirano ("Plaintiffs") and Defendants EMA Outsource Manufacturing, Inc., on behalf of itself and its affiliates, predecessors, successors, directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents, and John Wilson ("Defendants"). Plaintiffs and Defendants are referred to herein as the "Parties."

WHEREAS, Plaintiffs initiated the lawsuit Pedraza Cruz, et al. v. EMA Outsource Manufacturing, Inc., et al., Case No. 2:14-cv-00236-WCO (the "Action"), pending in the United States District Court for the Northern District of Georgia (the "Court");

WHEREAS, in the Action, Plaintiffs asserted wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and state law claims for unjust enrichment and quantum meruit;

WHEREAS, Defendants deny that they have committed any wrongdoing or violated any laws, have vigorously disputed the claims asserted in the Action, and assert that they have strong defenses to the claims in the Action, which defenses they believe are meritorious;

WHEREAS, the Parties have accepted a settlement fully and finally resolving the claims asserted in the Action, including but not limited to, alleged unpaid wages, liquidated damages, benefits, any and all other monetary damages of any kind (including but not limited to interest), and other relief of any nature whatsoever arising from the Action;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, the Parties desire to settle and finally resolve all claims arising out of the Action, from the beginning of the world through the date of this Agreement;

WHEREAS, the Parties, through their counsel, represent that they have conducted a thorough investigation into the facts relevant to the Action and, having diligently investigated the allegations contained in the Action, believe that the settlement between the Parties is fair, reasonable, adequate, and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by the Parties, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment;

WHEREAS, the Parties have engaged in arms-length negotiations that led to the Parties'

agreement on the terms contained herein; and

WHEREAS, the Parties desire to resolve on the terms set forth herein any and all claims that were or could have been asserted by Plaintiffs against Defendants.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

2. **Payment And Consideration:**

   A. Plaintiffs shall obtain consent judgments against Defendants as follows:

      i. Roberto Pedraza Cruz: a judgment in the amount of $5,708.22. Of this amount, $2,854.11 represents compensation and $2,854.11 represents liquidated damages.
      ii. Orlando Pedraza Gonzalez: a judgment in the amount of $3,040.07. Of this amount, $1,520.04 represents compensation and $1,520.03 represents liquidated damages.
      iii. Gabriel Roldan Altamirano: a judgment in the amount of $4,654.51. Of this amount, $2,327.26 represents compensation and $2,327.25 represents liquidated damages.
      iv. Edgar Roldan Altamirano: a judgment in the amount of $4,342.20. Of this amount, $2,171.10 represents compensation and $2,171.10 represents liquidated damages.

   B. The Parties agree that Plaintiffs also shall obtain a consent judgment against Defendants with respect to the attorneys' fees and costs that they incurred. With respect to the consent judgment, Defendants shall pay to Plaintiffs' attorneys, The Weiner Law Firm LLC and Thomas Choi Law Firm LLC, a total of $11,830.00 in attorneys' fees and $425.00 in costs.

   C. The Parties agree that the payments described in Paragraphs 2(A) and 2(B) shall be made no later than seven (7) calendar days after the Court's approval of this Agreement, and they shall be sent to Plaintiffs' counsel, The Weiner Law Firm LLC.

   D. The Parties acknowledge that Plaintiffs will promptly file the Joint Motion for Court Review and Approval of Settlement Agreement, Consent Judgment and Dismissal of the Case with Prejudice in the form attached to this Agreement as Exhibit A ("Joint Motion").

3.  **Specific Release:**

    A.  Plaintiffs irrevocably and unconditionally release all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Plaintiffs against Defendants relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

    B.  Plaintiffs understand that they are releasing Defendants from claims that they may not know about. That is their **knowing and voluntary intent**, even though they recognize that someday they might learn that some or all of the facts they currently believe to be true are untrue and even though they might then regret having signed this Agreement. Nevertheless, Plaintiffs are assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Plaintiffs expressly waive all rights they might have under any law that is intended to protect them from waiving unknown claims. Plaintiffs understand the significance of doing so.

4.  **Covenant Not To Sue:**

    Plaintiffs further covenant and acknowledge that they, nor any person, organization or other entity acting on their behalf, has or will sue or cause or permit suit against Defendants upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein. In the event of any claim by an agency or federal or state government or a claim by any person against the Defendants for conduct by the Defendants against Plaintiffs for any conduct arising prior to the effective date of this Agreement, Plaintiffs do waive their right to personally recover any monetary amount in any such proceedings, and Plaintiffs covenant to immediately return to Defendants any amounts paid to Plaintiffs pursuant to any such proceedings.

5.  **Knowing And Voluntary Waiver And Release:**

    A.  The Parties understand and agree that they execute this Agreement knowingly and voluntarily and not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Parties' claims.

    B.  The Parties also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement. The Parties further acknowledge that consideration for this Agreement consists of financial payments and benefits to which Plaintiffs otherwise has no legal entitlement.

C.  As part of the consideration for the conditions of the settlement as set forth above, the Parties expressly warrant and represent that: (a) the Parties are legally competent to execute this Agreement; (b) the Parties have not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Parties have or may have by reason of the incident described above or any matters arising out of or relating thereto; (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein, including no lien or right of reimbursement for any healthcare-related expenses relating to or in any way connected with the claims asserted in the above-styled civil action, including but not limited to liens or rights created by or pursuant to agreement; state or federal law; O.C.G.A. §§ 44-14-470, et seq. and 49-4-148, et seq.; Medicare/Medicaid; TRICARE; CHAMPVA; ERISA; or employee benefit plan; and (d) all healthcare-related, medical, dental, pharmacy, hospital, nursing home, physician practice, and provider of traumatic burn care medical practice charges and bills incurred for treatment of injuries relating to or in any way connected with the claims asserted in the above-styled civil action for which a compromise and settlement has been made have been fully paid.

**6.    Right To Retain Advisor Or Counsel:**

A.  The Parties understand that they have the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and are advised to consult with legal counsel prior to signing this Agreement.  The Parties also acknowledge that, before signing this Agreement, the Parties have read and fully understand each paragraph thereof.  Any notice required to Parties under this Agreement shall be satisfied by written notice to the undersigned counsel for the Releasors.

B.  The Parties acknowledge that, upon the effective date of this Agreement, Plaintiffs will fully and irrevocably release any and all claims that they may have against Defendants.

**7.    Entire Agreement:**

A.  This Agreement constitutes the entire agreement between the Parties pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings.  It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Parties.

B.   In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

**8.     Effective Date:**

This Agreement shall become effective and irrevocable upon its execution by the Parties.

**9.     Successors And Assigns:**

This Agreement shall be binding upon the Parties and their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Parties and their predecessors, successors and assigns.

**10.    Miscellaneous:**

A.   The Parties acknowledge that they have had sufficient time to consider whether or not they desire to enter into this Agreement.

B.   This Agreement is executed with the full knowledge and understanding on the part of the Parties that there may be more serious consequences, damages or injuries, which are not now known, and that any draft or benefits conferred herein to the Parties in consideration of this Agreement are accepted as final.  The Parties further agree and represent that it is within the Parties' contemplation that the Parties may have claims against another Party of which, at the time of the execution of this Agreement, the Parties have no knowledge or suspicion, but the Parties agree and represent, without affecting the generality of the foregoing paragraphs, that this Agreement extends to all claims in any way based upon, connected with or related to the matters described herein, whether or not known, claimed or suspected by the Parties.

C.   This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart.  Fax or scanned signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Parties set their hand and seal.

_____     _____
Roberto Pedraza Cruz                            Date


_____     _____
Orlando Pedraza Cruz                            Date

_____  _____
Gabriel Roldan Altamirano              Date


_____  _____
Edgar Roldan Altamirano                Date

*[signature: John Wilson]*                    6/18/15
_____  _____
For EMA Outsource Manufacturing, Inc.   Date

*[signature: John Wilson]*                    6/18/15
_____  _____
John Wilson                            Date

6 of 6

8. **Effective Date:**

This Agreement shall become effective and irrevocable upon its execution by the Parties.

9. **Successors And Assigns:**

This Agreement shall be binding upon the Parties and their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Parties and their predecessors, successors and assigns.

10. **Miscellaneous:**

   A.   The Parties acknowledge that they have had sufficient time to consider whether or not they desire to enter into this Agreement.

   B.   This Agreement is executed with the full knowledge and understanding on the part of the Parties that there may be more serious consequences, damages or injuries, which are not now known, and that any draft or benefits conferred herein to the Parties in consideration of this Agreement are accepted as final. The Parties further agree and represent that it is within the Parties' contemplation that the Parties may have claims against another Party of which, at the time of the execution of this Agreement, the Parties have no knowledge or suspicion, but the Parties agree and represent, without affecting the generality of the foregoing paragraphs, that this Agreement extends to all claims in any way based upon, connected with or related to the matters described herein, whether or not known, claimed or suspected by the Parties.

   C.   This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or scanned signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Parties set their hand and seal.

_Roberto Pedraza_ / _signature_       06/23/2015
Roberto Pedraza Cruz                   Date


_____              _____
Orlando Pedraza Cruz                   Date

8.  **Effective Date:**

This Agreement shall become effective and irrevocable upon its execution by the Parties.

9.  **Successors And Assigns:**

This Agreement shall be binding upon the Parties and their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Parties and their predecessors, successors and assigns.

10. **Miscellaneous:**

   A.   The Parties acknowledge that they have had sufficient time to consider whether or not they desire to enter into this Agreement.

   B.   This Agreement is executed with the full knowledge and understanding on the part of the Parties that there may be more serious consequences, damages or injuries, which are not now known, and that any draft or benefits conferred herein to the Parties in consideration of this Agreement are accepted as final. The Parties further agree and represent that it is within the Parties' contemplation that the Parties may have claims against another Party of which, at the time of the execution of this Agreement, the Parties have no knowledge or suspicion, but the Parties agree and represent, without affecting the generality of the foregoing paragraphs, that this Agreement extends to all claims in any way based upon, connected with or related to the matters described herein, whether or not known, claimed or suspected by the Parties.

   C.   This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or scanned signatures in lieu of original signatures are acceptable.

   IN AGREEMENT HERETO, the Parties set their hand and seal.

_____          _____
Roberto Pedraza Cruz                     Date

_____          6/23/15
Orlando Pedraza ~~Cruz~~ Gonzalez        Date
                 O.P.G

5 of 6

_____                    _____
Gabriel Roldan Altamirano                          Date


*Edgar Roldan A.* (signature)                      6-23-2015
_____                    _____
Edgar Roldan Altamirano                            Date


_____                    _____
For EMA Outsource Manufacturing, Inc.              Date


_____                    _____
John Wilson                                        Date

6 of 6

_____        6-23-2015
Gabriel Roldan Altamirano                Date


_____        _____
Edgar Roldan Altamirano                  Date


_____        _____
For EMA Outsource Manufacturing, Inc.    Date


_____        _____
John Wilson                              Date